IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
2 8 2017
CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | | |
|---|---|---|
| DERRICK JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:16-CV-1030-A |
| | § | |
| BEN E. KEITH COMPANY, ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

Came on for consideration the motion of defendants, Ben E. Keith Company ("Ben E. Keith") and Ben E. Keith Company Injury Benefits Plan, for summary judgment. Plaintiff, Derrick Johnson, has filed a response, and defendants have filed a reply. Having considered the motion, the response[1], the reply, the entire summary judgment record, and applicable authorities, the court concludes that defendants' motion should be granted.

I.

Background

Plaintiff initiated this action on November 4, 2016 by the filing of an original complaint. On January 23, 2017, plaintiff filed his first amended complaint, in which he asserted the following claims and causes of action against defendants: (1) violations of the Americans with Disabilities Act (the "ADA");

---

[1] The court has considered plaintiff's response despite it being untimely filed.

(2) violations of the Employee Retirement Income Security Act of 1974 ("ERISA"); and (3) negligence.

## II.

### The Summary Judgment Motion

As to plaintiff's ADA claims, defendants contend that summary judgment is warranted because the undisputed facts establish that plaintiff was not a qualified individual with a disability. Moreover, defendants maintain that although plaintiff never requested an accommodation, Ben E. Keith provided plaintiff with a reasonable accommodation for his work injury. Defendants also argue that plaintiff cannot prove that he was terminated because of his disability. Rather, defendants assert that plaintiff was terminated after he failed to return to work when released by a qualified medical provider. Defendants contend that plaintiff's ADA claims arise from nothing more than plaintiff's subjective belief of discriminatory animus. As to plaintiff's ERISA claims, defendants argue that the Plan Administrator's decision was not arbitrary and capricious and thus did not constitute an abuse of discretion. Defendants also contend that plaintiff's negligence claim fails as a matter of law because plaintiff cannot prove that defendants breached a duty that proximately caused plaintiff's injury.

III.

## Applicable Summary Judgment Principles

Rule 56(a) of the Federal Rules of Civil Procedure states that the court shall grant summary judgment on a claim or defense if there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. The summary judgment movant bears the initial burden of showing that there is no genuine dispute of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986). The movant can carry this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmovant's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

Once the movant has carried its burden under Rule 56(a), the nonmovant must identify specific evidence in the record and articulate the precise manner that creates a genuine dispute of material fact. Id. at 324; see also Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."). A fact is material if it might affect the outcome of the case under the governing law. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248 (1986). A dispute about

a material fact is genuine if the evidence is such that a rational fact finder could resolve the dispute in favor of either party. Id.

The standard for granting a motion for summary judgment is the same as the standard for rendering judgment as a matter of law. Celotex Corp., 477 U.S. at 323. If the record taken as a whole could not lead a rational trier of fact to find for the nonmovant, there is no genuine dispute for trial and summary judgment is appropriate. Matsushita Elec. Indus. Co. V. Zenith Radio Corp., 475 U.S. 574, 597; see also Boeing Co. v. Shipman, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc) (explaining the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict).

IV.

Undisputed Evidence

The following is an overview of evidence pertinent to the motion for summary judgment that is undisputed in the summary judgment record:

Plaintiff was employed by Ben E. Keith as a Route Service Associate Trainee - DOT ("Driver Trainee") in its foodservice

division. Doc.² 33 at 5, ¶ 3. As a Driver Trainee, plaintiff was responsible for delivering product along assigned routes consisting of multiple stops with various levels of difficulty, assembling customer orders to be delivered to places of business, maintaining delivery time windows for each stop on the route, and maintaining accuracy of delivered product with no damage due to mishandling, among other responsibilities. Id. at 62. The position was very physical in nature. Id. at 6, ¶ 5. Even pre-trip truck inspections required substantial physical activity, including repeated bending, stooping, pulling ramps out of the truck, and checking the product to be delivered. Id. During the hiring process, plaintiff was physically tested to determine whether he was physically qualified for the position. Id. at 16, Johnson Dep. 18:4-8; see id. at 64.

On or about December 19, 2014, plaintiff fell while delivering product to a barbeque restaurant. See Doc. 33 at 20, Johnson Dep. 36:18-20. Near the end of his shift, plaintiff was maneuvering a dolly loaded with 200 pounds of product down the ramp of his truck when the dolly struck what plaintiff described to be a bracket plate that had popped up from the truck ramp. See id. at 24, Johnson Dep. at 49:9-51:22. Plaintiff flipped over and off of the dolly and rolled after hitting the ground. See id.

---

²The "Doc. _" references are to the number of the item on the docket in this action.

On December 22, 2014, plaintiff was evaluated by Dr. Raymond Brown, who diagnosed plaintiff with a strain/sprain to his knee/shoulder. Id. at 76. Dr. Brown placed plaintiff on several physical restrictions, limiting plaintiff to a "mostly sedentary (seated)" environment and restricting plaintiff from kneeling/squatting, bending/stooping, pushing/pulling, and twisting, among other restrictions. Id. Dr. Brown gradually reduced plaintiff's restrictions after subsequent evaluations. See id. at 68-76.

Ben E. Keith placed plaintiff in its light-duty program after plaintiff first received Dr. Brown's work restrictions. Doc. 33 at 7, ¶ 10. By the end of February 2015, Ben E. Keith placed plaintiff on leave for the remainder of his recovery period. Id.

On March 18, 2015, Ben E. Keith notified plaintiff that his claim for benefits under the Injury Benefits Plan of Ben E. Keith Company ("the Plan") was denied. Id. at 94-98. The notification stated in part that "[a]n Approved Physician has determined you can perform the essential functions of your job" and that "there is no medical basis to support specific restrictions or limitations as to your work ability solely associated with the December 19, 2014 incident." Id. at 95-96. Plaintiff never returned to work. See id. at 32, Johnson Dep. 99:18-21. Rather,

6

on April 6, 2015, plaintiff appealed the denial of his claim for benefits. Id. at 100. On May 5, 2015, the Plan Administrator affirmed the denial of plaintiff's claim. Id. at 114-17. Plaintiff was terminated on or about May 1, 2015. Doc. 14 at 6, ¶ 20; see Doc. 33 at 7, ¶ 12 (stating that plaintiff was terminated "on the basis of job abandonment in May 2015").

V.

Analysis

A.  The ADA Claims

   1.  The Failure-to-Accommodate Claim

To prevail on a failure-to-accommodate claim under the ADA, plaintiff must prove that: "(1) the plaintiff is a 'qualified individual with a disability;' (2) the disability and its consequential limitations were 'known' by the covered employer; and (3) the employer failed to make 'reasonable accommodations' for such known limitations." Feist v. La., Dep't of Justice, Office of the Att'y Gen., 730 F.3d 450, 452 (5th Cir. 2013); see 42 U.S.C. § 12112(b)(5)(A).

Under the ADA, a "qualified individual" means an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires. § 12111(8). "To avoid summary judgment on whether [an employee] is a qualified individual, [the

7

employee] needs to show (1) that he could perform the essential functions of the job in spite of his disability or (2) that a reasonable accommodation of his disability would have enabled him to perform the essential functions of the job." Turco v. Hoechst Celanese Corp., 101 F.3d 1090, 1093 (5th Cir. 1996).

The summary judgment evidence establishes that plaintiff could not perform the essential functions of his job as a Driver Trainee either with or without reasonable accommodation. It is uncontested that plaintiff's job was "very physical in nature," which "required substantial physical activity, including repeated bending, stooping, pulling ramps out of the truck, and checking the product to be delivered." Doc. 33 at 6, ¶ 5. Following plaintiff's injury, plaintiff was placed on significant physical restrictions that precluded plaintiff from completing the essential functions of his job. See id. at 66-76. For example, plaintiff was restricted from kneeling/squatting, bending/stooping, pushing/pulling, twisting, and lifting objects more than 15 pounds. See id. Moreover, plaintiff admitted that even after termination he thought he could not perform the duties of his job because of "the heavy lifting; the constant up and down with the dolly with . . . 150, 200, 300 pounds on it." See id. at 35, Johnson Dep. 122:4-123:8.

In his response, plaintiff argues that Ben E. Keith could have provided a "driver helper" to "split the duties of delivering product to customers," which plaintiff claims would have enabled plaintiff to perform the essential functions of his job. However, such an accommodation is not reasonable as a matter of law. "Providing a 'reasonable accommodation' under the ADA does not require the employer to 'relieve the employee of any essential functions of the job, modify the actual duties, or reassign existing employees or hire new employees to perform those duties.'" Claiborne v. Recovery Sch. Dist., No. 16-30667, 2017 WL 2480724, at *4 (5th Cir. June 7, 2017) (quoting Robertson v. Neromedical Ctr., 161 F.3d 292, 295 (5th Cir. 1998). "If [the employee] can't perform the essential functions of his job absent assigning those duties to someone else, (e.g., having someone else perform his job) then [the employee] can not be reasonably accommodated as a matter of law." Robertson, 161 F.3d at 295. In this case, assignment of a "driver helper" would not enable plaintiff to perform the essential functions of his job, but would merely reassign those duties to someone else. Accordingly, plaintiff is not a qualified individual under the ADA.

Plaintiff's failure-to-accommodate claim also fails because plaintiff never requested an accommodation after he was injured. Generally, it is incumbent on the disabled individual to inform

9

the employer that an accommodation is needed. Taylor v. Principal Fin. Group, Inc., 93 F.3d 155, 165 (5th Cir. 1996). "If the employee fails to request an accommodation, the employer cannot be held liable for failing to provide one." Id. Plaintiff testified that he never requested an accommodation after he was injured. Doc. 33 at 32, Johnson Dep. 100:6-17. And, plaintiff cites no summary judgment evidence that could be construed as such a request by plaintiff. Thus, plaintiff's failure-to-accommodate claim fails on this independent ground.

2. The Discrimination Claim

The ADA prohibits an employer from "discriminat[ing] against a qualified individual with a disability because of the disability of such individual." 42 U.S.C. § 12112(a). Absent direct evidence of discrimination, plaintiff must show that: "(1) he has a disability; (2) he was qualified for the job; and (3) he was subject to an adverse employment decision on account of his disability." Delaval v. Ptech Drilling Tubulars, L.L.C., 824 F.3d 476, 479 (5th Cir. 2016) (internal citations omitted). "After establishing a prima facie case, the burden shifts to the employer to 'articulate a legitimate, nondiscriminatory reason for' the adverse employment action." Id. Then, the employee must present evidence that the articulated reason is pretextual. Id. "[D]iscrimination need not be the sole reason for the adverse

10

employment decision . . . so long as it actually plays a role in the employer's decision making process and has a determinative influence on the outcome." Id. at 479-80 (alterations omitted).

Plaintiff has failed to establish a prima facie case of discrimination. For the reasons described in the preceding subsection, plaintiff was not qualified for his job as a Driver Trainee. And, plaintiff has failed to establish that he was subject to an adverse employment decision on account of his disability. During plaintiff's deposition, the following exchange took place:

> Q. . . . Okay. Why is that you believe that you were terminated?
>
> A. Why I believe I was terminated? Because I got injured on the job.
>
> Q. Okay. So why - what that? What do you mean?
>
> A. Well, I mean, I don't - you know, don't know exactly why, but probably because I got injured on the job; I'm a new employee. I don't know.
>
> Q. What are - so to come up with that thought that you were terminated because you were injured on the job and you were new, what are the facts and circumstances that lead you to believe that?
>
> A. Well, I mean, there's no facts. You just asked me my opinion. And, you know, I'm a man in Dallas, Texas, you know, new, and I just felt like, you know, I got hurt on the job and -
>
> (Comments made off the written record)
>
> Q. You can keep (indicating) -

11

> A. I just felt like I got hurt on the job and I was terminated. I don't - I mean, that was just me. I don't have the facts to prove it. That was just me.
>
> Q. Okay. So you have no other facts, other than your opinion, to support that opinion?
>
> A. Right. It's my opinion.

Doc. 33 at 38, Johnson Dep. 133:18-134:16.

Later, upon prompting by his own counsel, plaintiff clarified that:

> A. - you see guys get hurt all the time and they're - at that job, and they're scared to report it because of the retaliation. You know, I'm new, basically, to Texas. I'm a young black man trying to just, you know, provide for his family, and I get hurt on the job, and, you know, I'm going to be the first one out the door; so, you know, you just always got that in the back of your mind. That was my main reason for why [I believe I was terminated].

Id. at 40, Johnson Dep. 171:21-172:14. However, when pressed for specifics, plaintiff could not identify anyone at Ben E. Keith that was actually retaliated against for reporting an injury. Instead, plaintiff stated that his testimony was based on "people [who] have mentioned, in passing, conversations about people who have gotten hurt and then [were] terminated, prior [to plaintiff's employment]." Id. at 41, Johnson Dep. 176:4-7. Plaintiff provided no other summary judgment evidence to support his contention that he was terminated because of his disability. "Unsubstantiated assertions, improbable inferences, and

12

unsupported speculation are not sufficient to defeat a motion for summary judgment." Brown v. City of Houston, 337 F.3d 539, 541 (5th Cir. 2003). Accordingly, plaintiff has failed to establish a prima facie case for his discrimination claim under the ADA.

B.   The ERISA Claim

The court is to review an administrator's decision to deny benefits de novo "[u]nless the terms of the plan give the administrator 'discretionary authority to determine eligibility for benefits or to construe the terms of the plan.'" Atkins v. Bert Bell/Pete Rozelle NFL Player Ret. Plan, 694 F.3d 557, 566 (5th Cir. 2012) (quoting Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989)). When "the language of the plan does grant the plan administrator discretionary authority to construe the terms of the plan or determine eligibility for benefits, a plan's eligibility determination must be upheld by a court unless it is found to be an abuse of discretion." Id. (citing Metro. Life Ins. Co. v. Glenn, 554 U.S. 105, 111 (2008)).

The abuse of discretion standard, which in the ERISA context is synonymous with arbitrary and capricious, "requires only that substantial evidence supports the plan fiduciary's decision." Id. "Substantial evidence is 'more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Id. (quoting

13

Ellis v. Liberty Life Assur. Co. of Boston, 394 F.3d 262, 273 (5th Cir.2004)). Therefore, "[a] decision is arbitrary only if made without a rational connection between the known facts and the decision or between the found facts and the evidence." Id. (quoting Holland v. Int'l Paper Co. Ret. Plan, 576 F.3d 240, 246 (5th Cir.2009)) (internal quotation marks omitted). The court's "review of the administrator's decision need not be particularly complex or technical; it need only assure that the administrator's decision fall[s] somewhere on a continuum of reasonableness--even if on the low end." Id. (quoting Corry v. Liberty Life Assur. Co. of Boston, 499 F.3d 389, 398 (5th Cir.2007)) (internal quotation marks omitted).

Here, it is undisputed that the Plan Administrator has discretionary authority to construe the terms of the plan or determine eligibility for benefits. Therefore, the Plan Administrator's denial of benefits to plaintiff must be upheld unless the court finds the decision to be an abuse of discretion. The court finds no such abuse of discretion here.

The Plan Administrator concluded that any alleged injury of plaintiff "does not qualify as a Bodily Injury under the Plan because it involves a pre-existing condition and/or an aggravation of a pre-existing condition that did not occur within the Scope of Employment." Doc. 33 at 116. Such findings are

14

consistent with the independent medical examinations of Dr. Karl D. Erwin, M.D. and Dr. Bruce R. Beavers, M.D., both of whom concluded that the December 19, 2014 incident caused, at most, a contusion in plaintiff's right knee, and that all other injuries complained of were either pre-existing or not supported by evidence. See id. at 88, 110-111. The court finds that substantial evidence supports the Plan Administrator's decision.

Plaintiff's argument that "[t]he administrator only based his final, binding decision on the opinions of retained doctors who never examined Plaintiff once . . ." is clearly refuted by the record. See id. at 78-90, 103-12. And, plaintiff's apparent disbelief that both doctors could find plaintiff's injuries to be pre-existing considering that plaintiff's injury "consisted of him flipping over and off of a dolly and falling off a trailer with 200 pounds of product loaded on the dolly," Doc. 42 at 6, lacks any legal or evidentiary support. The court concludes that the Plan Administrator's denial of plaintiff's claim to benefits was not an abuse of discretion.

C.  The Negligence Claim

In Texas, a negligence claim requires "a legal duty owed by one person to another, a breach of that duty, and damages proximately caused by the breach." Nabors Drilling, U.S.A., Inc.

15

v. Escoto, 288 S.W.3d 401, 404 (Tex. 2009) (quoting D. Houston, Inc. v. Love, 92 S.W.3d 450, 454 (Tex. 2002)).

Plaintiff pleads that "[Ben E. Keith] owed a duty to Plaintiff to provide a safe workplace and working environment, and [Ben E. Keith] breached that duty by, among other things, failing to properly maintain its vehicles that employees such as Plaintiff drove on a daily basis." Doc. 14 at 10, ¶ 45. However, plaintiff provides no summary judgment evidence that supports such pleading. The response claims that Jeff Abrams ("Abrams"), an employee of Ben E. Keith, told plaintiff that the December 19, 2014 incident was Ben E. Keith's fault. Doc. 42 at 6. However, plaintiff's testimony reveals that Abrams's comment was related to whether the incident would impact plaintiff's commercial drivers' license and was purely speculative on the issue of fault. See Doc. 33 at 41, Johnson Dep. 174:21-175:11. It appears that Abrams inferred that Ben E. Keith was at fault because plaintiff's name was not on a list of persons who got "writ[ten] up" and "ha[d] to sit down and review video." Id. at 175:7-11. Such comment falls well short of an admission of liability and fails to raise a genuine issue of material fact as to whether Ben E. Keith breached a duty to maintain its vehicles. Accordingly,

plaintiff's negligence claim fails as a matter of law.

VI.

Order

Therefore,

The court ORDERS that defendants' motion for summary judgment be, and is hereby, granted, and that all claims and causes of action asserted by plaintiff against defendants be, and are hereby, dismissed.

SIGNED July 28, 2017.

_____
JOHN McBRYDE
United States District Judge